# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GLEN BURTON AKE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 09-202-JHP** |
| | ) | |
| **DREW EDMONDSON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff, an inmate serving a life sentence at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed this complaint requesting a declaratory judgment that sets forth violations of his constitutional and human rights, state statutes, and the Americans with Disabilities Act. The defendants are Drew Edmondson, Oklahoma Attorney General; Justin Jones, Director of the Oklahoma Department of Corrections; and Marty Sirmons, Warden of Oklahoma State Penitentiary.

Plaintiff alleges he was sentenced to death for his crimes, but the conviction was overturned, because he had been diagnosed with a psychiatric illness but was not allowed the assistance of a psychiatrist. *See Ake v. Oklahoma*, 470 U.S. 68 (1985). He now asserts he was sentenced for crimes he committed while insane, so his Judgment and Sentence are void.

The record indicates plaintiff previously attempted to raise his claims in a petition for a writ of habeas corpus in this court, but the petition was dismissed for his failure to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 action, pursuant to 28 U.S.C. § 2244(b)(2)(A). *Ake v. Edmondson*, No. CIV-08-407-FHS-KEW (E.D. Okla. Oct. 29, 2008). Plaintiff subsequently requested authorization from the

Tenth Circuit to file a second or successive § 2254 petition, based on a new legal theory. *In re Ake*, No. 09-7015, slip op. at 1-2. The application was denied, because he failed to satisfy the requisite conditions in 28 U.S.C. § 2244(b)(2). *Id.*, slip op. at 2-3. A notation on plaintiff's copy of the Tenth Circuit's order indicates his new legal theory is the basis of his civil rights case. *See id.*, slip op. at 2.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). To the extent plaintiff claims he is wrongfully imprisoned, however, a § 1983 cause of action is not the appropriate means for seeking such relief. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement, when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Therefore, the court finds plaintiff has failed to state a claim upon which relief may be granted.

Although plaintiff has not paid the filing fee in this action or been granted leave to proceed *in forma pauperis*, the court is empowered to dismiss the complaint pursuant to 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

**ACCORDINGLY,** this action is, in all respects, DISMISSED for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 22nd day of June 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma